**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RAFAEL DISLA, on behalf of himself and all others similarly situated, | Civil Case No.:_____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| NORTHSTAR LOCATION SERVICES, LLC; and JOHN DOES 1-25. | |
| Defendant(s). | |

Plaintiff, RAFAEL DISLA, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, NORTHSTAR LOCATION SERVICES, LLC (hereinafter "NORTHSTAR"); and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

**DEFINITIONS**

4. As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

**PARTIES**

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Passaic County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. NORTHSTAR has a business location at 4285 Genesee Street, Cheektowaga, NY 14225.

8. Upon information and belief, Defendant NORTHSTAR is a business that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. NORTHSTAR is a "debt collector" as that term is defined by 15 U.S.C. §1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

**CLASS ACTION ALLEGATIONS**

11. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their

successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action. The Class is initially defined as:

All New Jersey consumers who were sent letters and/or notices from NORTHSTAR, concerning a debt owed to BARCLAYS BANK DELAWARE and which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein.  The Class period begins one year to the filing of this Action.

The class definition may be subsequently modified or refined.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.    Whether Defendant violated various provisions of the FDCPA;

    b.    Whether Plaintiff and the Class have been injured by Defendants' conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal

redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. NORTHSTAR collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16. NORTHSTAR is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

17. Sometime prior to July 20, 2015, Plaintiff allegedly incurred a financial obligation to BARCLAYS BANK DELAWARE ("BARCLAYS").

18. BARCLAYS is a "creditor" as defined by 15. U.S.C. § 1692a(4).

19. The alleged BARCLAYS obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

20. Sometime prior to July 20, 2015, BARCLAYS, either directly or through intermediate transactions assigned, placed, or transferred the BARCLAYS obligation to NORTHSTAR.

21. At the time the BARCLAYS obligation was assigned, placed, or transferred to NORTHSTAR, such obligation was in default.

22. NORTHSTAR, caused to be delivered to Plaintiff a letter dated July 20, 2015 concerning the alleged BARCLAYS obligation, which sought a balance of $4,992.08. A copy of said letter is annexed hereto as **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

23. Only a portion of the $4,992.08 alleged to be due on the BARCLAYS obligation represented principal.

24. The July 20, 2015 letter was sent or caused to be sent by persons employed by NORTHSTAR as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25. The July 20, 2015 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

26. The July 20, 2015 letter stated in part:

- We would like to discuss a settlement option, to pay less than the full balance due, with you. Please contact our office toll free at 1-855-211-4583 to make arrangements.

30. The July 20, 2015 letter also stated that:

- Whenever $600.00 or more of a debt is forgiven as a result of settling a debt for less than the balance owed, it may be considered taxable income. Barclays Bank Delaware is required to report the amount of the debt forgiven to the Internal Revenue Service on Form 1099C, a copy of which will

>be mailed to you.  If you are uncertain of the tax consequences, consult your tax advisor.

31. Under 26 C.F.R. §1.6050P-1(d), only the discharge of principal needs to be reported:

>(2) Interest.  The discharge of an amount of indebtedness that is interest is not required to be reported under this section.
>
>(3) Non-principal amounts in lending transactions.  In the case of a lending transaction, the discharge of an amount other than stated principal is into required to be reported under this section.  For this purpose, a lending transaction is any transaction in which the lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

32. It is wholly conceivable to forgive $600 or more of the debt and yet not report balances forgiven on a Form 1099-C.

33. In addition, it is highly improbable for one who is in debt to have income as a result of settling a debt, as that person is more likely to be insolvent; so such a discharge would not be considered as income.

34. A collection notice is deceptive when it reasonably can be read to have two or more different meanings, one of which is inaccurate.

35. The language contained in the July 20, 2015 letter could reasonably be understood by the least sophisticated consumer to mean that IRS regulations require that the creditor, in all circumstances, must report forgiveness of debt on a Form 1099-C.

36. The language contained in the July 20, 2015 letter could be reasonably read to mean that the creditor will always report forgiveness of debt.

37. The least sophisticated consumer would understand the language contained in the July 20, 2015 letter to mean that the creditor is required by IRS regulations to report forgiveness of debt on a Form 1099-C.

38. Although the Defendant had no duty to disclose any potential tax ramifications, when it chooses to give tax disclosures, it must do so in a way that it will not mislead the least sophisticated consumer as to his or her tax consequences.

39. Current case law has made clear, that if debt collectors are providing tax advice with regards to the reporting of forgiveness of debt, they cannot provide vague, incomplete and misleading disclosures that leave out the essential element that the reporting of forgiveness of a debt happens only if the **principal** forgiven exceeds $600, and that reporting of forgiveness of a debt would not happen even if the amount is greater than $600, if the amount forgiven contained interest forgiveness so long as the principal was less than $600.

40. The least sophisticated consumer could understand the language in the July 20, 2015 letter to mean that certain amounts of discharged debt, irrespective of the type of the debt, will necessarily be reported to the IRS.

41. Alternatively, the least sophisticated consumer could understand that he may have to pay a certain amount in order to avoid IRS reporting.

42. The least sophisticated consumer could also read the letter to mean that the creditor, in all circumstances, will report forgiveness of debt as is required by IRS regulations.

43. The language in the July 20, 2015 letter is ambiguous, vague and deceptive.

44. A consumer reading the language in the July 20, 2015 letter will be led to believe that if a settlement erases any amount of the debt, then the creditor is required to report the forgiveness of debt to the IRS, per the IRS regulations (creating by fear of the IRS another incentive for the consumer to pay the debt without erasing any amount through settlement). However, this statement is inherently deceptive and misleading, by giving erroneous and incomplete tax information - because according to IRS regulations, the creditor "will not" be required to report to the IRS, forgiveness of debt less than $600, nor would the creditor be required to report an amount greater than $600 in forgiveness, if the amount contained interest.

45. The creditor should also specify what amount of the total alleged to be due is principal and what part of it is interest. Any tax advice that does not specify the tax consequences as it applies to the consumer's circumstances is nothing more than a ploy to elicit a more substantial payment from the consumer than the consumer would have paid, had he or she understood the tax reporting consequences.

46. The language contained in the July 20, 2015 letter is an attempt by the debt collector to make the debtor think that the IRS regulations always require the reporting of forgiveness of debt. The least sophisticated consumer would reasonably read the letter to mean that the creditor, in all circumstances, will report forgiveness of debt as is required by IRS regulations.

47. The language contained in the July 20, 2015 letter suggests to the least sophisticated consumer that paying less than the total amount claimed will cause consequences with the IRS.

## POLICIES AND PRACTICES COMPLAINED OF

48. It is NORTHSTAR's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

   (b) Using unfair or unconscionable means to collect or attempt to collect any debt; and

49. On information and belief, NORTHSTAR has sent written communications, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

50. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

51. Collection letters and/or notices, such as those sent by the Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

52. Defendant's collection letters and/or notices would cause the least sophisticated consumer to be confused as to his or her rights.

53. Defendant's letters were designed to cause the least sophisticated consumer to be confused.

54. Defendant's letter was designed to cause the least sophisticated consumer to believe that it was in his or her best interest to settle their debts so that there was less than $600 balance remaining.

55. The content of Defendant's letter was designed to cause the least sophisticated consumer to be confused as to the consequences of settling the debt.

56. NORTHSTAR engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. §§ 1692e and 1692e(10).

57. NORTHSTAR engaged in unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

58. Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

59. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

60. The inclusion of the language in the collection letter is a false, deceptive or misleading representation in violation of 15 U.S.C. § 1692e.  See, <u>Balon v. Enhanced Recovery Co.</u>  2016 U.S. Dist. LEXIS 72142 (M.D. Pa. June 2, 2016); <u>Velez v. Enhanced Recovery Company, LLC</u>, 2016 U.S. Dist. Lexis 57832 (E.D. Pa. May 2, 2016) and  <u>Good v. Nationwide Credit, Inc.</u>, 2014 U.S. Dist. Lexis 152006 (E.D. Pa 2014).

61. Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

62. The inclusion of the language in the collection letter is the use of a false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

63. Defendants' conduct as described herein constitutes false representations or deceptive means to collect or attempt to collect any debt.

64. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

65. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

66. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

67. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

68. Plaintiff and others similarly situated were sent letters which could have affected their decision-making with regard to the debt.

69. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

70. Plaintiff has suffered damages as a direct result of the Defendant's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against the Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Pre-judgment interest;

(d) Post judgment interest; and

(e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

   (f)  Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: July 20, 2016

               *s/ Joseph K. Jones*
               Joseph K. Jones, Esq.
               JONES, WOLF & KAPASI, LLC
               375 Passaic Avenue, Suite 100
               Fairfield, New Jersey 07004
               (973) 227-5900 telephone
               (973) 244-0019 facsimile
               jkj@legaljones.com

               *s/ Glen Chulsky*
               Glen H. Chulsky, Esq.
               JONES, WOLF & KAPASI, LLC
               375 Passaic Avenue, Suite 100
               Fairfield, New Jersey 07004
               (973) 227-5900 telephone
               (973) 244-0019 facsimile

## **DEMAND FOR TRIAL BY JURY**

  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

               */s/ Joseph K. Jones*
               Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: July 20, 2016

                                              *s/ Joseph K. Jones*_____
                                              Joseph K. Jones, Esq.

# NORTHSTAR LOCATION SERVICES, LLC

4285 Genesee Street
Cheektowaga NY 14225-1943
ADDRESS SERVICE REQUESTED

1-855-211-4583
Hours Mon-Thurs 8AM-10PM ET,
Fri 8AM-8PM ET, Sat 8AM-12PM ET

07/20/15

Northstar Location Services, LLC
Attn: Financial Services Dept.
4285 Genesee Street
Cheektowaga, NY 14225-1943

RAFAEL E DISLA

| Creditor | BARCLAYS BANK DELAWARE / JUNIPER CREDIT CARD |
|---|---|
| Account # | ************9491 |
| Balance | $4,992.08 |
| Amount Remitted | |

Payment Website: https://www.gotonls.com

--- TO ENSURE PROPER CREDIT, RETURN THIS PORTION WITH YOUR PAYMENT. ---

| Creditor | Account # | Balance |
|---|---|---|
| BARCLAYS BANK DELAWARE / JUNIPER CREDIT CARD | ************9491 | $4,992.08 |

Northstar Location Services, LLC, an authorized representative for Barclays Bank Delaware, would like to work with you in an effort to resolve the balance on the above account.

We would like to discuss a settlement option, to pay less than the full balance due, with you. Please contact our office toll free at 1-855-211-4583 to make arrangements.

Whenever $600.00 or more of a debt is forgiven as a result of settling a debt for less than the balance owed, it may be considered taxable income. Barclays Bank Delaware is required to report the amount of the debt forgiven to the Internal Revenue Service on Form 1099C, a copy of which will be mailed to you. If you are uncertain of the tax consequences, consult your tax advisor.

Once your account is settled for less than the full balance, Barclays Bank Delaware will send notification to the credit reporting agencies to reflect the settlement. Please allow Barclays Bank Delaware at least 30 days for the change to be updated on your credit bureau.

This letter is contingent on the clearance of all payments made towards the settlement. If any payments made as part of the settlement fail to clear, this offer will be null and void.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

To make paying your account more convenient we offer the following payment options:
- Check-by-phone at 1-855-211-4583
- MoneyGram ExpressPayment
- Credit or Debit Card
- Web Pay at www.gotonls.com
- Pay in person at our office
- Enclose your payment in the envelope

You may contact a Northstar Account Representative toll free at 1-855-211-4583 to make your payment.

