NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAFAEL DISLA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NORTHSTAR LOCATION SERVICES, LLC; and JOHN DOES 1-25,<br><br>Defendants. | Civil Action No.: 16-cv-4422<br><br>OPINION |

**CECCHI, District Judge.**

**I.   INTRODUCTION**

This matter comes before the Court on the motions of Defendant Northstar Location Services, LLC ("Defendant") (ECF No. 6) to dismiss the Complaint (ECF No. 1, hereafter, "Compl."). Plaintiff Rafael Disla ("Plaintiff") brings this putative class action alleging Defendant sent him a letter that violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e and § 1692f. The Court has considered the submissions made in support of and in opposition to the instant motion. The motion is decided without oral argument pursuant to Fed. R. Civ. P. 78(b).[1] For the reasons set forth below, Defendant's motion is GRANTED in part and DENIED in part.

The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] The Court considers any new arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1298 (3d Cir. 1991).

1

## II. BACKGROUND

In deciding the pending motion, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in Plaintiff's favor.

At some point prior to July 20, 2015, Plaintiff incurred a debt to Barclays Bank Delaware ("Barclays"), which is not a party to this case. (Compl. ¶ 17). Plaintiff defaulted. (Id. ¶ 21). Defendant, a debt collector, eventually acquired Plaintiff's debt. (Id. ¶ 20). Defendant sent Plaintiff a letter dated July 20, 2015 (the "Letter"), seeking to collect on the debt. (Compl. ¶ 22). The Letter indicated Plaintiff owed $4,992.08; Plaintiff claims only a portion of this amount represents principal, rather than interest or fees. (Id. ¶¶ 22-23). The Letter read in relevant part:

> We would like to discuss a settlement option, to pay less than the full balance due, with you. Please contact our office toll free at [phone number] to make arrangements.
>
> Whenever $600.00 or more of a debt is forgiven as a result of settling a debt for less than the balance owed, it may be considered taxable income. *Barclays Bank Delaware is required to report the amount of the debt forgiven to the Internal Revenue Service on Form 1099C,* a copy of which will be mailed to you. If you are uncertain of the consequences, consult your tax advisor.

(Id. Ex. A (emphasis added)).

Plaintiff contends this language was a false, deceptive, or misleading representation made to collect on the debt, and constituted an unfair or unconscionable means of collection. (Compl. ¶¶ 50-70). Plaintiff's theory is that the Letter's language creates the misleading impression that Barclays must or will report to the IRS any amount of Plaintiff's forgiven debt, when in fact IRS regulations only require debt forgiveness to be reported if $600 or more of the principal is forgiven. (Id. ¶ 44). As a consequence, Plaintiff contends, a debtor could understand this notice to mean that settling the debt for less than the full amount would have tax consequences with the IRS, thus incentivizing the debtor to pay the full amount. (Id. ¶¶ 46-47, 54).

2

Defendant moved to dismiss, arguing that the Letter contained no false statement and thus was not false, deceptive, misleading, unfair, or unconscionable. (ECF No. 6). Plaintiff opposed. (ECF No. 9). Defendant did not file a reply.

### III. LEGAL STANDARD

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated. . . . Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" See Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

### IV. DISCUSSION

"To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the

defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." Douglass v. Convergent Outsourcing, 765 F.3d 299, 303 (3d Cir. 2014). Defendant contests only the fourth element in this motion.

### A. Section 1692e

Section 1692e states, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt[,]" and gives a non-exhaustive list of specific violations. Of these, Plaintiff invokes § 1692e(10), which states that "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" is a violation of § 1692e.

Courts evaluating whether a representation is false, deceptive, or misleading under § 1692e apply an objective, "least sophisticated debtor" standard. Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir. 2006). This is a lower standard than reasonableness because "a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor." Id. (internal quotation omitted). Under this standard, "[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate[,]" so long as the inaccurate reading is not "bizarre or idiosyncratic[.]" Id. at 455 (internal quotations omitted).

Plaintiff contends the language in the Letter is a false, deceptive, or misleading representation of tax regulations wherein it states, "[w]henever $600.00 or more of a debt is forgiven as a result of settling a debt for less than the balance owed, it may be considered taxable income. Barclays Bank Delaware is required to report the amount of the debt forgiven to the Internal Revenue Service on Form 1099C[.]" (Compl. Ex. A). The tax regulation at issue, 26

4

C.F.R. § 1.6050P-1, states in relevant part:

> **(a) Reporting requirement—(1) In general.** Except as provided in paragraph (d) of this section, any applicable entity . . . that discharges an indebtedness of any person . . . *of at least $600* during a calendar year must file an information return on Form 1099-C with the Internal Revenue Service . . . .
>
> **(d) Exceptions from reporting requirement—** . . . .
>
> **(2) Interest.** The discharge of an amount of indebtedness that is interest is not required to be reported under this section.
>
> **(3) Non-principal amounts in lending transactions.** In the case of a lending transaction, *the discharge of an amount other than stated principal is not required to be reported* under this section. . .

26 C.F.R. § 1.6050P-1 (emphasis added).

In light of § 1.6050P-1, Plaintiff contends the Letter's statement, "Barclays Bank Delaware is required to report the amount of the debt forgiven to the Internal Revenue Service on Form 1099C" is literally false, or at least capable of two different meanings. (See Compl. Ex. A). This language can be understood to say that Barclays must report *any* amount of debt forgiveness to the IRS, when in fact the applicable regulation only requires reporting forgiven amounts greater than $600, not including interest. When Defendant sent Plaintiff this notice, Plaintiff and Defendant had not yet determined how much principal, if any, would be forgiven from Plaintiff's debt. It was very possible on July 20, 2015 that, contrary to the Letter's language, Barclays would not be required to report to the IRS the forgiveness of Plaintiff's debt. See Good v. Nationwide Credit, Inc., 55 F. Supp. 3d 742, 749 (E.D. Pa. 2014) (statement about tax implications of debt forgiveness was deceptive before an offer of settlement was made because "[i]t remains to be seen whether Defendant will offer to forgive more than $600, or any portion, of the debt"). Therefore, this statement can be seen as false, deceptive, or misleading to the least sophisticated debtor, and Plaintiff's allegations state a claim.

5

Several similar cases from courts within the Third Circuit are instructive.

Good involved debt collection letters indicating that the creditors were "required to file a form 1099C with the [IRS] for any cancelled debt of $600 or more." 55 F. Supp. 3d at 744. The court found the challenged language was "not completely true" in that it did not accurately reflect the exceptions listed in 26 C.F.R. § 1.6050P-1. Id. at 746-47. Thus, it was deceptive and/or misleading because it gave "no indication that the debtor might fit into a recognized exception[.]" Id. at 748. Moreover, the court found the challenged language could constitute a deceptive or misleading "collection ploy," that is, "the least sophisticated consumer may reasonably believe that in order not to be reported to the IRS, he or she must pay enough on the alleged debt so that a balance of less than $600.00 remains regardless of whether the event is reportable, or any exception applies." Id. (internal quotations omitted).

Balon v. Enhanced Recovery Co. concerned the language, "any indebtedness of $600.00 or more, which is discharged as a result of a settlement, may be reported to the IRS as taxable income pursuant to the Internal Revenue Code 6050P and related federal law." 190 F. Supp. 3d 385, 387 (M.D. Pa. 2016). Plaintiff owed $798.67 but the creditor offered to settle for $638.94, a debt forgiveness of $159.73. Id. The court found the challenged language was misleading in light of 26 C.F.R. § 1.6050P-1 because: (1) it suggested this proposed debt forgiveness may need to be reported when in fact the proposed amount forgiven was certainly below the $600.00 threshold; and (2) it failed to list possible exceptions to the reporting requirement. Id. at 392; see also Velez v. Enhanced Recovery Co., LLC, No. 16-164, 2016 WL 1730721 (E.D. Pa. May 2, 2016) (reaching the same conclusion regarding substantively identical language).

Here, viewing the allegations in the Complaint in the light most favorable to Plaintiff, the Letter could be misleading in the same way as the letters in Good, Balon, and Velez, and Plaintiff

states a claim. As in those cases, Plaintiff here sufficiently alleges the challenged language does not accurately reflect 26 C.F.R. § 1.6050P-1 because it discusses no exceptions to the reporting requirement, such as when the creditor forgives interest instead of principal. As in those cases, Plaintiff here sufficiently alleges the challenged language misstates the circumstances under which the creditor must report forgiven debt to the IRS. Thus, the Court finds Good, Balon, and Velez to be analogous to this case and persuasive in their reasoning.[2]

Defendant argues these cases are distinguishable because of the word "may" in the sentence preceding the challenged language: "Whenever $600.00 or more of a debt is forgiven as a result of settling a debt for less than the balance owed, it *may* be considered taxable income." (Compl. Ex. A (emphasis added)). Defendant contends this language indicates it is not certain that forgiven debt would become taxable income, and "implicitly tells the consumer there may be exceptions that exist." (Def.'s Br. at 5). Defendant acknowledges that the challenged language in Velez and Balon also included the word "may," but notes that the defendant in those cases already knew no IRS reporting would be required because it had offered to forgive less than $600. (Id. at 4-5).

These distinctions are not persuasive. Although the word "may" appears in the sentence discussing the threshold for taxable income, it does not appear in the sentence describing Barclays' IRS reporting requirement. (Compl. Ex. A). Thus, although a debtor could read these two sentences in conjunction and understand that debt forgiveness must be reported only if it is taxable income, it would not be "bizarre or idiosyncratic" for the least sophisticated debtor to believe

---

[2] In one sense, the challenged language here is arguably even more misleading than the language in Good, Balon, and Velez because here, the sentence indicating "Barclays Bank Delaware is required to report the amount of the debt forgiven to the Internal Revenue Service" does not refer to the $600 threshold. (Compl. Ex. A). Rather, the threshold is mentioned only in the previous sentence, indicating that forgiven debt over $600 "may be considered taxable income." (Id.). Thus, the least sophisticated debtor could read the sentence about Barclays' reporting obligation to mean Barclays must report *any* debt forgiveness, not just in excess of $600.

7

instead that Barclays must always report forgiven debt even if it is not taxable income for the debtor. See Brown, 464 F.3d at 453. This alternate understanding would still be incorrect; thus, the statement read as a whole is sufficiently alleged to be deceptive or misleading to the least sophisticated debtor, so as to state a claim.

For the same reason, Defendant's distinction between this case and Balon and Velez is unavailing. In Balon and Velez, the challenged language stated that the creditor may report "any indebtedness of $600.00 or more, which is discharged as a result of a settlement[.]" Balon, 190 F. Supp. 3d at 387; Velez, 2016 WL 1730721, at *3. Those statements were misleading despite the use of the word "may" because the defendant knew unequivocally that it would not forgive enough of plaintiffs' debt to require filing an IRS report. Balon, 190 F. Supp. 3d at 392; Velez, 2016 WL 1730721, at *6-7. Here, because the word "may" could be read to apply only to the sentence discussing taxable income, rather than the sentence discussing Barclays' reporting obligations, the challenged language could be viewed as misleading regardless of whether Defendant knew Barclays would not have to report Plaintiff's debt forgiveness. Put another way, while the language in Balon and Velez was misleading because it implied the creditor *might* have to report when it certainly did not, here, the language as alleged can be misleading because it states Barclays *must* report—despite the word "may" in the previous sentence—when it *might* not. See Good, 55 F. Supp. 3d at 749 (challenged language was deceptive because it implied reporting would occur even though it might not). Both types of language could be deceptive and/or misleading. In any event, Balon and Velez found the challenged language misleading for the additional reason that, like the challenged language here, it did not mention any exceptions to the reporting requirement. See Balon, 190 F. Supp. 3d at 391; Velez, 2016 WL 1730721, at *3.

Finally, the word "may" does not sufficiently communicate that there are exceptions to the

reporting requirement. Indeed, the courts in Good, Balon, and Velez, all found defendants' failure to state explicitly that there were exceptions to the $600 threshold rendered the collection letters misleading. See Balon, 190 F. Supp. 3d at 391 ("'[T]he use of the contingent 'may' in the' challenged language did not . . . 'communicate that there are other exceptional circumstances beyond the challenged Statement[.]'" (quoting Velez, 2016 WL 1730721, at *3)); Good, 55 F. Supp. 3d at 747-48 ("Defendant neglects to include the exceptional language when it quotes from the regulation . . . . [to avoid being deceptive, the statement] need only raise the debtor's awareness that potentially applicable exceptions exist.").

Therefore, dismissal of the § 1692e claim is not warranted.

**B.     Section 1692f**

Section 1692f states, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt[,]" and gives a non-exhaustive list of specific violations. Plaintiff's § 1692f claim appears to be based on essentially the same conduct as the § 1692e claim, that is, the challenged language in the Letter. (Compl. ¶¶ 48, 57, 64-68; Pl.'s Br. at 12-14). Plaintiff does not invoke any particular subsection of § 1692f.

The purpose of § 1962f is to "allow[] a court to sanction improper conduct the FDCPA fails to address specifically." Turner v. Prof'l Recovery Servs., Inc., 956 F. Supp. 2d 573, 580 (D.N.J. 2013) (quoting Adams v. Law Offices of Stuckert & Yates, 926 F. Supp. 521, 528 (E.D. Pa. 1996)). For this reason, conduct "specifically addressed" by other parts of the statute "cannot be the basis for a separate claim under § 1692f." Id.; accord Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006); Adams, 926 F. Supp. at 528.

Plaintiff does not plead conduct not already covered by its § 1692e claim to support its § 1692f claim. Therefore, dismissal of the § 1692f claim is warranted.

9

## V. CONCLUSION

For the reasons above, Defendant's motion to dismiss is DENIED as to the § 1692e claim and GRANTED as to the § 1692f claim. An appropriate order accompanies this Opinion.

_____
CLAIRE C. CECCHI, U.S.D.J.

Dated: June 27, 2017

10